

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John Leahy, Director
Cotton Research Committee
Texas A & M College
College Station, Texas

Dear Sir:

Opinion No. O-5821
Re: Legality of employment and
salary payments to certain persons
associated both with A & M College
and with Cotton Research Committee.

Your letter of January 21, 1944, reads as follows:

"Herewith an original and duplicate of a Cotton Research Committee
payroll for the month of January which authorizes the payment of
salaries for two members of the staff of the Engineering Expermient
Station of the A. & M. College of Texas. The payroll affidavit is
executed by the Vice-Director of the Engineering Experiment Station
functioning as the Projects Principal for the Cotton Research Com-
mittee in respect to the projects of the Cotton Research Committee
being undertaken by the Engineering Experiment Station. The Pro-
jects Principal does not receive any form of compensation from the
Cotton Research Committee.

"The two staff members of the Engineering Experiment Station derive
their total compensation from the funds of the Cotton Research Com-
mittee and are in fact bona fide faculty members of the A. & M.
College of Texas entitled to participate in the collateral benefits
of such employment in the form of Group Insurance and Teacher Retire-
ment compensation.

"The payroll has been approved by a majority of the Cotton Research
Committee as prescribed in Senate Bill No. 405 of the 47th Legisla-
ture, but conditioned in respect to the legality of the contemplat-
ed departure from past practice in the administration of the Cotton
Research Committee funds.

"Heretofore all persons receiving compensation from the Cotton
Research Committee have been exclusively employees of the Committee
assigned to the several cooperating State Institutions of higher
learning to prosecute or assist in prosecuting certain research
enterprises.

"The basic departure from our past practice contemplates making direct payments of the total compensation to certain employees of the several cooperating State Institutions of higher learning who are assigned to prosecute or assist in prosecuting the research enterprises of the committee.

"It has been represented that such practice is in violation of certain prior opinions of the Office of the Attorney General in respect to duality of employment, such positions being held to be additional 'positions of honor, trust or profit;' moreover, it has been represented that such payments of total compensation as are provided in this payroll do not conform to the terms of the payroll affidavit in respect to that portion which represetes that 'none of the employees on this payroll is receiving salary or compensation as agent, officer, or appointee, who holds at the same time any other position of honor, trust or profit, under this State, etc.', notwithstanding the fact that their total compensation comes from only one source, i.e., the Cotton Research Committee.

"In view of the foregoing, we will be pleased to have your opinion

(1) as to whether or not duality of employment is involved through the functioning of the Vice-Director of the Engineering Experiment Station as Projects Principal for the Cotton Research Committee which contemplates an administrative function in directing research activities for the Cotton Research Committee without compensation in any form except out of the funds of the A. & M. College of Texas;

(2) as to whether or not duality of employment is involved through the payment of salary compensation to employees of the A. & M. College of Texas out of the appropriated funds of the Cotton Research Committee which had previously been allocated by the Cotton Research Committee to support research undertakings at the A. & M. College of Texas, whereby the compensation paid out of the Cotton Research Committee funds is the total compensation, under the condition that such employees retain their identity with the A. & M. College to the end that they may be permitted to keep in force and enjoy the rights and privileges of such association in the form of Group Insurance and Teacher Retirement benefits.

"If your opinion supports the legality of the attached payrolld, will you kindly submit the same to the State Comptroller of Public Accounts for payment."

Subject to certain exceptions not here pertinent, Section 40 of Article XVI of our Constitution forbids any person to hold or exercise, at the same time, more than one "civil office of emolument." In our Opinion No. O-2601 we ruled that a position on the faculty of the A. & M. College is not a civil office. By virtue of this ruling we hold

that neither the employment of the Projects Principal nor the employment of the other two individuals mentioned in your letter violates the above cited constitutional provision.

However, Section 33 of Article XVI of the Constitution is more restrictive. This Section provides in part as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit under this State or the United States . . ."

The Cotton Research Committee is an independent State agency created by Senate Bill 405, Acts of the Regular Session of the 47th Legislature. Although the various State schools are directed by Senate Bill 403 to notice the "declaration of policy" set forth in this legislation and, if necessary, to revise their activities to conform with such policy, the Committee is neither a branch nor an extramural division of any State educational institution. Indeed, so strong was the legislative intent to maintain the Committee as an independent agency that the 48th Legislature specifically provided that none of the funds appropriated to the Committee should be used to "supplement any appropriation made to the various educational institutions for business research." Acts of the 48th Legislature, R.S., 876-877. Two of the individuals mentioned in your letter are agents or appointees of this Committee to draw their entire compensation from its appropriation. The third individual receives no compensation from the Committee, but serves as a Project Principal for the Committee with respect to certain projects, and has signed the affidavit appended to the payroll in question.

The Engineering Experiment Station is one of the extramural divisions of the A. & M. College. The individual who serves as Projects Principal for the Committee also serves as Vice-Director of the Experiment Station and receives his compensation from the appropriation to the Station. The other two individuals mentioned in your letter are, in your words, "bona fide faculty members of the A. & M. College," and, as such, are entitled to maintain and enjoy certain privileges as members of the State Teachers' Retirement System and as members of a group insurance plan. Since these faculty members receive no salary from the College, one can perhaps argue that their position on the faculty is not now a "position of profit," although the benefits which they enjoy through their continued association with the Teachers' Retirement System and with group insurance plan make this argument of doubtful validity. However, without passing on this question, and even assuming for the purpose of this opinion that their present status as faculty members does not constitute a position of profit, we feel that such position is clearly one of honor or trust. Consequently, we feel that under the above quoted provision of the Constitution, the accounting officers of this State may neither draw nor pay a warrant upon the treasury to pay these individuals any salary or compensation for labor performed as an agent or appointee of the Cotton Research Committee.

Contrariwise, we feel that the postion of Projects Principal for the Committee is also a position of honor or trust under this State, though apparently it is not a position of profit. While we are not informed of the duties of the Project Principal, the intimation in your letter is that he directs certain of the Committee's projects and the fact that one of his functions seems to be to sign the payroll affidavit confirm our belief that his position is one of honor or trust, and that the duality of his employments brings him under the provisions of Section 33 of Article XVI.

These conclusions make unnecessary any consideration herein of whether the positions held by the individuals under discussion are in any way incompatible.

We are enclosing herewith the payroll which you attached to your letter.

Trusting that the foregoing answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. Dean Moorhead

R. Dean Moorhead
Assistant

APPROVED FEB 1 1944
/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By O S
Chairman

RDM:ff: egж

Encl.